Alma Glenn PRATT, Plaintiff and Appellant,

v.

BOARD OF EDUCATION OF the UINTAH COUNTY SCHOOL DISTRICT, Defendant and Respondent.

No. 15843.

Supreme Court of Utah.

March 15, 1979.

Michael T. McCoy, Salt Lake City, for plaintiff and appellant.

Merlin R. Lybbert, of Snow, Christensen & Martineau, Salt Lake City, for defendant and respondent.

HALL, Justice:

This case was previously before the Court[1] at which time we affirmed the December 28, 1976, judgment of the trial court which ordered plaintiff's reinstatement to his teaching position and awarded damages for breach of contract consisting of all lost employment benefits, including salary, as of the date of judgment.

The final judgment of this Court, following a rehearing[2] of the matter, was on September 19, 1977, and the case was then returned to the Fourth Judicial District Court where plaintiff moved for a further award of damages consisting of the value of employment benefits, including salary, lost during the time consumed by the appeal process initiated by defendant. The district court first considered the question of liability for further damages without taking any damage evidence, and from an order determining that no such liability exists, plaintiff pursues this appeal.

Plaintiff's contention is that his reinstatement was effectively deferred from December 28, 1976, through September 19, 1977, by virtue of the appeal proceedings pursued by defendant and that he is consequently entitled to all employment benefits that he would otherwise have received during said period of delay had no appeal been taken.

Defendant counters by contending that the judgment of the court only required it to respond in damages to the date of judgment and to *reemploy* plaintiff for the next succeeding year, and such having been accomplished, there exists no basis for an award of relief beyond that.

The fallacy in that argument is that it ignores the fact that the judgment requires *reinstatement*, not *reemployment*, the difference being that the former precludes any hiatus in employment, while the latter necessarily results in a gap or interruption in employment.

This Court, in affirming the decision of the trial court, is already committed to the proposition that lost employment benefits is a proper measure of damages under an employment contract, and such is consistent with similar holdings in a number of other jurisdictions.[3] We therefore again so hold that it is an obvious requirement of justice and fair-dealing that one who is reinstated be entitled to full employment benefits for the time which he was wrongfully deprived of his position.

Turning now to the issue of continuing damages pending an appeal, it appears that such has not been directly ruled upon by this Court. However, the case of *Jenkins v. Morgan*[4] recognized the propriety of an award of such damages if supported by competent evidence.

The Court in *Jenkins* also observed that our rule[5] on supersedeas specifically allows "delay damages" occasioned by an appeal and particularly noted that "the language [of Rule 73(d)] must necessarily be susceptible of a broad interpretation and application."

Except for defendant's appeal, by the terms of the December 28, 1976, judgment plaintiff's reinstatement would have been effective forthwith and he would have thereafter enjoyed full employment benefits as they accrued, and he would not have been required to resort to these further proceedings for relief. The fact that the

1. *Pratt v. Bd. of Ed. of Uintah County School District*, Utah, 564 P.2d 294 (1977).

2. *Pratt v. Bd. of Ed. of Uintah County School District*, Utah, 569 P.2d 1112 (1977).

3. *Walston v. School Board of City of Suffolk*, 566 F.2d 1201 (4th Cir. 1977); *Starsky v. Williams*, 512 F.2d 109 (9th Cir. 1975); *Donahue v. Staunton*, 471 F.2d 475 (7th Cir. 1972); *Cooley v. Board of Education of Forrest City School District*, 453 F.2d 282 (8th Cir. 1972); *Smith v. Board of Education of Morrilton School District No. 32*, 365 F.2d 770 (8th Cir. 1966); *Campbell v. Gadsden County District School Board*, 534 F.2d 650 (5th Cir. 1976).

4. 123 Utah 480, 260 P.2d 532 (1953).

5. Rule 73(d), U.R.C.P.

appeal process precluded his receipt of employment benefits as they accrued should not preclude his recovery of those benefits now that the appeal has been finally resolved in his favor.

Our interpretation and application of the language of Rule 73(d)[6] compels us to conclude that the time required for defendant to pursue its appeal should not leave plaintiff in a lesser position and defendant in a better position had the order of reinstatement been given immediate effect.

In retrospect, had the issue of delay damages been presented in the prior appeal, we may very well have resolved the matter at that time. Suffice it to say that hindsight is better than foresight.

The judgment is reversed and the case is remanded with instructions to determine the amount of delay damages sustained by plaintiff.[7] No costs awarded.

MAUGHAN, WILKINS and STEWART, JJ., concur.

CROCKETT, Chief Justice (concurring with comment).

Though I remain of the conviction of mind in which I concurred with the dissent of Chief Justice Ellett on the prior appeal, (footnote 1 main opinion) I recognize that the majority opinion is now the established law and also that it is controlling in this case. I therefore concur with this decision.

---

6. Supra, footnote 5.

7. Subject, of course, to such mitigation thereof as may be shown.